Roy C. TOOMBS, Appellant, v. UNITED STATES of America.

No. 9328.

Circuit Court of Appeals, Eighth Circuit.

Dec. 11, 1931.

P. H. Cullen, of St. Louis, Mo., for appellant.

Louis H. Breuer, U. S. Atty., of Rolla, Mo., and C. J. Stattler and George C. Dyer, Asst. U. S. Attys., both of St. Louis, Mo.

PER CURIAM.

Appeal dismissed, without costs to either party in this court, on motion of appellant.

Thomas TUCKER and Delia Tucker, as Co-Owners of THE Barge PERSHING, Libelants-Appellees, v. STEAMSHIP TERMINAL OPERATING CORPORATION, Respondent-Appellant.

No. 342.

Circuit Court of Appeals, Second Circuit.

April 18, 1932.

Van Gordon & McLaughlin, of New York City (Nathan Feldman, of New York City, of counsel), for respondent.

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel), for appellees.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

PER CURIAM.

Decree affirmed.

Rosamond A. ULIZIO, et al., Appellants, v. J. B. VAN SCIVER CO., Appellee.

No. 4884.

Circuit Court of Appeals, Third Circuit.

April 30, 1932.

Robert H. McCarter, of Newark, N. J., for appellants.

Harvey F. Carr and Carr & Carroll, all of Camden, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM.

This was an appeal from an order of the court below, sitting in bankruptcy, restraining the appellants from disposing of certain property, real and personal, which it is alleged belongs to the bankrupt estate. Proceedings are now pending to have the alleged bankrupt declared to be a bankrupt. Pending that proceeding, and in view of the omission of the appellants to inform the court as to the nature of their claim, so as to enable it to now determine whether the alleged claim should be passed on by the court itself or whether the trustee, in case the alleged bankrupt is so adjudged, should proceed by plenary action, this restraining order was granted.

We find no error in the court making such cautionary order to enable it to keep control over the property meanwhile. We accordingly dismiss the present appeal.